UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

DANIEL RENDON-HERRERA, *pro se*, :

Petitioner, :

-against- :

UNITED STATES OF AMERICA, :

Respondent. :

-------------------------------------------------------- x

**SUMMARY ORDER**
**23-cv-01750 (DLI)**

**RE:14-cr-0625 (DLI)**
**and**
**20-cr-0569 (DLI)**

**DORA L. IRIZARRY, United States District Judge:**

On March 6, 2023, Petitioner Daniel Rendon-Herrera ("Petitioner"), proceeding *pro se*,[1] filed the instant action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") computation of his sentence and calculation of earned time credits. *See,* Petition ("Pet.") Dot. Entry No. 1. The Government opposes the petition. *See,* Government's Opposition ("Opp."), dot. Entry No. 7. For the reasons set forth below, the petition is transferred to the United States District Court for the Northern District of Texas.

**BACKGROUND**

Beginning in the late-1990s, for more than a decade, Petitioner was a high-level leader of the Autodefensas Unidas de Colombia (the "AUC"), a terrorist, paramilitary, and narcotrafficking organization based in Colombia, and its successor organization the Clan del Golfo (the "CDG"). Opp. at 1. On October 1, 2013, a grand jury sitting in the Southern District of New York returned a three-count superseding indictment charging him with conspiracy to provide material support to

[1] In reviewing petitioner's motion, the Court is mindful of Petitioner's *pro se* status and the liberal construction requirements applicable to his submissions "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Indeed, the Court interprets the petition "to raise the strongest arguments that [it] suggest[s]," and gives Petitioner the benefit of the doubt that he filed the petition in this District "in good faith." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations and emphasis omitted); *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (citations omitted).

a foreign terrorist organization, *i.e.* the AUC, in violation of 18 U.S.C. § 2339B(a)(1), narcotics importation conspiracy, in violation of 21 U.S.C. § 963, and narco-terrorism conspiracy, in violation of 21 U.S.C. § 960(a), (the "SDNY Indictment"). *See, United States v. Rendon-Herrera*, Dut. No. 04-cr-962 (LAP) (S.D.N.Y.), Superseding Indictment, Dkt. Entry No. 61; Opp. at 1.

On August 12, 2015, a grand jury sitting in this district returned a two-count third superseding indictment charging Petitioner with engaging in a continuing criminal enterprise, *i.e.* the CDG, in violation of 21 U.S.C. § 848, and the use of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c), (the "EDNY Indictment"). *See, United States v. Rendon-Herrera*, Dkt. No. 14-cr-625 (DLI) (E.D.N.Y.), Superseding Indictment, Dkt. Entry No. 14; Opp. at 1. Petitioner was arrested on September 17, 2013, pursuant to a Colombian warrant and was detained in Colombia where he faced local narcotics related charges until he was extradited to the United States on April 23, 2018, to answer the charges in both the SDNY and EDNY Indictments. *See*, Case Dkt. No. 14-cr-625, Presentence Investigation Report, dated July 29, 2022, ("PSR") ¶ 45, Dkt. Entry No. 168; Opp. at 2.

In anticipation of Petitioner's intent to enter a guilty plea, the SDNY Indictment was transferred to this District in December of 2020 pursuant to Rule 20 of the Federal Rules of Criminal Procedure and was assigned Case Docket No. 20-cr-569 (DLI). Opp. at 2. On November 2, 2021, pursuant to a written plea agreement entered into with the government, Petitioner pled guilty before this Court, to Count One of each Indictment. *Id.* On October 17, 2022, this Court sentenced Petitioner to 420 months imprisonment on the EDNY Indictment and 180 months imprisonment on the SDNY Indictment, to run concurrently. *See*, Dkt. No. 14-cr-00625, Judgment, Dkt. Entry No. 198; Dkt. No. 20-cr-00569, Judgment, Dkt. Entry No. 38.

Less than a year later, on March 6, 2023, Petitioner, proceeding *pro se*, filed the instant

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' (the "BOP") computation of his sentence and calculation of earned time credits. *See*, Pet., Dkt. Entry No. 1.[2] Since at least March 6, 2023, Petitioner has been incarcerated at FMC Fort Worth, a BOP detention facility located in the Northern District of Texas. *See*, Mar. 6, 2023 Civil Cover Sheet, Dkt. Entry No. 1-1 (listing Petitioner as an inmate of FMC Fort Worth, Texas); *Find an Inmate*, BOP, https://www.bop.gov/inmateloc/ (last visited October 19, 2026) (Reg. No. 83636-053) (same); *See also*, Opp. at 3 (noting that Petitioner has been incarcerated at FMC Fort Worth since February 3, 2023). The Government opposes the petition, seeking dismissal for lack of jurisdiction. *See*, Opp. at 1-4. Petitioner did not reply. For the reasons set forth below, the petition is transferred to the United States District Court for the Northern District of Texas due to improper venue.

**<u>DISCUSSION</u>**

As an initial matter, Petitioner's challenge to the BOP's computation of the "execution" of his sentences is brought properly *via* a Section 2241 petition. *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001); *See also*, *Rivera-Perez v. Stover*, 171 F.4th 196, 200 (2d Cir. 2026) (characterizing a challenge to the "computation of a prisoner's sentence by prison officials" as a challenge to "the execution of a federal prisoner's sentence"). However, the petition was filed in the wrong district. "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004) ("[A] § 2241 habeas petitioner . . . should name his warden as respondent and file the petition in the district of confinement."). Here, Petitioner is incarcerated in the

[2] Petitioner mislabeled the petition as a "Supplemental Motion in Support of Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241." Pet. at 1. A review of the relevant case dockets reveals that, in fact, Petitioner has not filed any prior related motion or petition.

Northern District of Texas, which is where the petition must be filed. Therefore, the Court lacks habeas jurisdiction over the petition, requiring either dismissal of the petition or its transfer to the district of confinement. *See*, *Khalil v. Joyce*, 771 F. Supp.3d 268, 287 (S.D.N.Y. 2025) (explaining that district courts have discretion to transfer because "the issue [of habeas jurisdiction] is one of either personal jurisdiction or venue"); *See also*, *Padilla*, 542 U.S. at 434 n.7 ("The word 'jurisdiction' . . . [is] not [used] in the sense of subject-matter jurisdiction of the District Court."). The Court finds it "in the interest of justice" to transfer the petition to a court of appropriate jurisdiction. 28 U.S.C. § 1631. Accordingly, transfer to the district of confinement, here the Northern District of Texas, is warranted. *Id.* (where a court finds it lacks jurisdiction, the court "shall" transfer the action to an appropriate court "if it is in the interest of justice").

## **CONCLUSION**

For the reasons set forth above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is transferred to the United States District Court for the Northern District of Texas. Petitioner is denied a certificate of appealability because he has failed to make a substantial showing of the denial of a constitutional right. *See*, 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 24, 2026

/s/
DORA L. IRIZARRY
United States District Judge